O’SCANNLAIN, Circuit Judge,
dissenting in part:
I respectfully dissent from part one of the disposition. Although the district court uses the word “reasonable” when analyzing CDS’s denial of Decovich’s claim, it expressly states in the preceding lines of the order that it is engaging in de novo review and rejects the “arbitrary and capricious” standard. The district court then proceeds to engage in a thorough de novo review, concluding that Decovich failed to meet her burden of showing a factual dispute as to whether she established eligibility for disability benefits .under the policy.
Moreover, such a conclusion was appropriate. In light of the overwhelming evidence to support the finding that Decovich failed to establish functional impairment— including (i) medical examinations and tests that showed no physical abnormalities, (ii) reports from Decovich’s treating specialists, including Dr. Jianu, indicating that Decovich was not functionally impaired, (iii) Dr. Tsai’s deferral of his assessment of Decovich’s work-related restrictions and limitations to Decovich’s other treatment providers, and (iv) Dr. Gendron’s observation that individuals with fibromyalgia are often encouraged to engage in physical activity — there is no genuine issue of material fact as to whether CDS erred in denying Decovich’s disability claim.
Thus, because the district court engaged in de novo review of CDS’s denial of Deco-vich’s claim and appropriately concluded that no material dispute of fact remains, I would affirm the district court’s grant of summary judgment in favor of Anthem.